```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


-------------------------------x
                               :
YALE UNIVERSITY                :
     Plaintiff,                :
                               :
and                            :
                               :
THE NIGHT CAFÉ, a PAINTING     :
     Plaintiff-in-rem,         :
                               :
v.                             :
                               :
                               :    Civil No. 3:09CV466(AWT)
                               :
PIERRE KONOWALOFF              :
     Defendant,                :
                               :
v.                             :
                               :
YALE UNIVERSITY                :
     Counter-Defendant,        :
                               :
and                            :
                               :
THE NIGHT CAFÉ, a PAINTING     :
     Counter-Defendant-in-rem. :
                               :
-------------------------------x
```

### RULING ON MOTION TO STRIKE
### WAIVED DEFENSE OF LACK OF PERSONAL JURISDICTION

Plaintiff-Counterclaim Defendant Yale University moves under Federal Rule of Civil Procedure 12(f) to strike Defendant-Counterclaim Plaintiff Pierre Konowaloff's defense of personal jurisdiction from his First Amended Answer and Amended Counterclaim.  For the reasons set forth below, the motion is being granted.

On May 21, 2009, the defendant filed his Answer and Counterclaim (Doc. No. 9) (the "Answer"). Nearly four months later,

on September 18, 2009, the Defendant's First Amended Answer and Amended Counterclaim as a Matter of Course under Fed. R. Civ. P. 15(a)(1)(A) (Doc. No. 35) (the "Amended Answer") was filed. The Amended Answer contained a "Twelfth Affirmative Defense" that was not present in the original Answer: "This Court lacks personal jurisdiction over Mr. Konowaloff." Am. Answer at 16.

The plaintiff argues that, by failing to assert the defense of lack of personal jurisdiction in a motion to dismiss filed before any responsive pleading, in the Answer or in an amended answer filed within 20 days of serving the Answer, the defendant has waived the defense of lack of personal jurisdiction. The defense of lack of personal jurisdiction is waivable. Federal Rule of Civil Procedure 12(h)(1)(B) provides that "A party waives any defense listed in Rule 12(b)(2)-(5) [which include, inter alia, lack of personal jurisdiction] by . . . failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B).

The defendant does not dispute the plaintiff's contention that he did not raise the defense of lack of personal jurisdiction in a motion under Rule 12. The defendant argues, however, that the Amended Answer is "an amendment allowed by Rule 15(a)(1) as a matter of course," and so the defense of lack of personal jurisdiction raised there for the first time is not waived.

At the time the Answer, the Amended Answer, and Yale's Motion to Strike were filed in this case,[1] the text of Rule 15(a) provided in relevant part as follows:

> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course:
> **(A)** before being served with a responsive pleading; or
> **(B)** within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

The plaintiff argues that what is controlling is the fact that the Amended Answer is two pleadings in one document: an amended counterclaim, which requires a responsive pleading, see Fed. R. Civ. P. 12(a)(1)(B), and an amended answer, which does not. By this understanding, the defendants' counterclaim was properly amended as a matter of course under Rule 15(a)(1)(A) because there had been no responsive pleading served, but, because the Answer had been served more than 20 days before the new document was filed, see Fed. R.

---

[1] The amendments to Rule 15(a) that went into effect on December 1, 2009 do not change the analysis. The amended text of Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because, as discussed below, no responsive pleading is required by the Answer, and the Amended Answer was filed more than 21 days after service of the Answer, the Amended Answer was not filed as a matter of course under the amended Rule 15.

Civ. P. 15(a)(1)(B), amending the answer portion of the document could only be done with the plaintiff's consent or by leave of the court pursuant to Rule 15(a)(2). The defendant contends that what is controlling is the fact that the Amended Answer is a single document, and because no responsive pleading had been filed to the counterclaim portion of the document, the whole document could still be amended as a matter of course pursuant to Rule 15(a)(1)(A).

An answer is generally among the category of pleadings to which "a responsive pleading is not allowed." Fed. R. Civ. P. 15(a)(1)(B). Compare Fed. R. Civ. P. 7(a)(7) ("Only these pleadings are allowed: . . . if the court orders one, a reply to an answer.") (emphasis added), with Fed. R. Civ. P. 7(a)(3) ("an answer to a counterclaim designated as a counterclaim"). No responsive pleading to the answer has been ordered by the court in this case, so none is allowed here. Further, "when the answer does contain a counterclaim denominated as such, the reply . . . is only to the counterclaim." 20 Charles Alan Wright & Mary Kay Kane, 20 Federal Practice & Procedure: Federal Practice Deskbook § 70, at 618 (2002); see also Borgen v. Pa. Greyhound Lines, 9 F.R.D. 208, 209 (N.D. Ohio 1949) ("Plaintiff's reply was responsive to defendants' cross petition but was not responsive to the joint answer."). In addition, Rule 7(a) recognizes "an answer to a complaint" and "an answer to a counterclaim designated as a counterclaim" as two separate pleadings. Fed. R. Civ. P. 7(a)(2),

(3). As a result, the more appropriate provision to govern whether or not the answer portion of the Amended Answer was filed "as a matter of course" is Rule 15(a)(1)(B), which requires amendments as a matter of course to be filed within 20 days.

Indeed, the 20-day time limit to amend an answer is especially clear in the context of the issue of waiver of the defense of lack of personal jurisdiction. As the D.C. Circuit has noted,

> The office of Rule 12(h)(1) is to assure that a defense of lack of jurisdiction over the person is asserted promptly. It provides that the defense is waived if it is neither made by pre-answer motion nor included in the answer or an amendment thereto made within twenty days of the answer's service.

Chase v. Pan-Pacific Broad., Inc., 750 F.2d 131, 134 (D.C. Cir. 1984). The addition of a counterclaim to the scenario does not change the analysis. The defendant had 20 days from the service of the Answer to amend the Answer to include a defense of lack of personal jurisdiction and did not do so. As a result, the defendant waived this defense.

In addition to the reasons stated above, the defendant's argument that an answer can be amended as a matter of course if a counterclaim is appended is problematic because it would create the anomalous result that parties without a counterclaim would waive their defenses by failing to amend their answers in 20 days, while parties with a counterclaim could freely preserve defenses that they have not pursued for months.

Finally, the court notes that on August 5, 2009, the Rule 26(f) Joint Planning Report of the Parties (Doc. No. 28) (the

"26(f) Report") was filed. That document, signed by counsel for both parties, explicitly states that "personal jurisdiction is not contested." 26(f) Report at 2. Although the plaintiff makes this point in support of its motion, the defendant has offered no response.

For the reasons stated above, Yale University's Motion to Strike Konowaloff's Waived Defense of Personal Jurisdiction (Doc. No. 36) is hereby GRANTED.

It is so ordered.

Signed this 29th day of September, 2010 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge